UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOICE HOTELS INTERNATIONAL, INC.,

        Plaintiff,                            Hon. Janet T. Neff

v.                                        Case No. 1:11-cv-00896

APEX HOSPITALITY, LLC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment Against Defendants (Dkt. 28), which was referred to the undersigned by the Honorable Janet T. Neff  for report and recommendation under 28 U.S.C. § 636(b)(1)(B).  Hearing was held on the motion on May 24, 2012.  Plaintiff relies on Fed. R. Civ. P. 12 and Fed. R. Civ. P. 55 in support of the requested relief. For reasons stated below, the undersigned recommends that the motion be granted.

       Plaintiff Choice Hotels International, Inc. brought this case against former franchisees claiming federal trademark infringement, federal unfair competition, violation of the Michigan consumer protection act, and Michigan common law trademark infringement/unfair competition. Defendants are Apex Hospitality, LLC, Pratik Hospitality, Inc., T. Paul Chawla, G.P. Srivastava, and Alok Gupta.the court has entered a default against each of the named defendants because none of them filed an answer, motion or any other responsive pleading (Dkt. 9, 11, 14, 21, and 26). Plaintiff now files an ex parte motion for default judgment against the defendants, seeking a

judgment as to liability and a permanent injunction. Plaintiff further seeks a reservation of the issue of damages, including any question of enhanced damages and/or entitlement to attorneys fees, until such time as defendants submit a compliance statement pursuant to 15 U.S.C. § 1116, which indicates the date on which they ceased all use of the ECONO LODGE family of marks.

At the May 24, 2012 hearing, plaintiff was represented by Jennifer A. Puplava. Plaintiff alleges ownership of a family of ECONO LODGE marks which it uses in connection with its provision of hotel and motel services. See, Complaint (Dkt. 1, ¶¶ 19-30). Included in that family of marks are the following United States trademark registrations: the '642 Registration; the '814 Registration; the '518 Registration; the '530 Registration; the '688 Registration; the '065 Registration; the '067 Registration; and the '199 Registration. Copies of these federal trademark registrations were attached to the complaint (Dkt. 1, Exhibits 1-8). Plaintiff further claims that all of the federal trademark registrations asserted in the complaint are active, valid, and enforceable. (Dkt. 1, ¶ 31). A Certificate of Registration issued by the United States Patent and Trademark Office constitutes "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate." 15 U.S.C. § 1057(b).

Plaintiff's complaint alleges that defendants are former franchisees who were at one point licensed to use the ECONO LODGE family of marks in connection with the provision of hotel services at 2723 Niles Ave., St. Joseph, MI, 49085 ("the Hotel") (Dkt. 1, ¶ 32). A copy of the franchise agreement is attached to the complaint as Exhibit 9 (Dkt. 1). Plaintiff states that the

franchise agreement has been terminated and that the defendants were instructed to discontinue the use of the ECONO LODGE family of marks (Dkt. 1 ¶¶ 40-42). Copies of the notice of default, the notice of termination and two notices of infringement were attached to the complaint as Exhibits 10, 11, 12 and 13 respectively (Dkt. 1). However, plaintiff alleges that defendants continued to use the ECONO LODGE family of marks in connection with the provision of hotel services at the Hotel. (Dkt. 1 ¶¶ 66-67). The complaint also alleges that defendants knowingly and deliberately used marks in commerce in connection with the provision of hotel/motel services, and that this is likely to cause confusion, mistake or deception. (Dkt. 1 ¶ 68).

Plaintiff has asserted a claim of federal trademark infringement against each of the defendants. Such is prohibited by § 32 of the Lanham Act, 15 U.S.C. § 1114. Lanham Act infringement may be established by demonstration that the defendants' use of an accused mark creates a likelihood of consumer confusion in the marketplace. 15 U.S.C. § 1114 (1). It is well settled, however, that in cases like this matter, where the infringer is a holdover franchisee, the "unauthorized use of an original trademark by one whose license to use the trademark had been terminated is sufficient to establish 'likelihood of confusion.'" *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1190 (6th Cir. 1997).

Plaintiff has clearly pled that defendants are holdover franchisees, who created a likelihood of consumer confusion in the marketplace when they continued to use the ECONO LODGE family of marks in connection with the provision of hotel/motel services after the termination of their franchise agreement. This is sufficient to establish federal trademark infringement under *U.S. Structures*. The well pled allegations in plaintiff's complaint supported by documentary evidence demonstrate: (1) that defendants are holdover franchisees; (2) who

used in commerce a registered mark or marks belonging to plaintiff; (3) without the consent of plaintiff; and (4) that defendants' unauthorized use of the ECONO LODGE family of marks creates a likelihood of confusion in the marketplace. Thus, plaintiff is entitled to default judgment on its federal trademark infringement claim, at least as to liability.

Count II of the complaint states a claim against defendants under § 43(a) of the Lanham Act for federal unfair competition-false designation of origin, 15 U.S.C. § 1125(a). Count III of the complaint states a claim against defendants for violation of the Michigan Consumer Protection Act, MCL § 445.901, *et seq.* Count IV of the complaint states a claim for Michigan common law trademark infringement/unfair competition. The test for liability under all of these additional counts is identical to the test for liability for trademark infringement, i.e., the inquiry is whether the defendants' conduct creates a likelihood of confusion. *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 832 (6th Cir. 1983).

Accordingly, the same well pled and supported allegations which give rise to defendants' liability under Count I for trademark infringement also give rise to defendants' liability under Counts II through IV for federal unfair competition, violation of the Michigan Consumer Protection Act, and for Michigan common law trademark infringement/unfair competition.

**Permanent Injunction**

Plaintiff is entitled to a permanent injunction prohibiting defendants from further use of the ECONO LODGE family of marks only if it can demonstrate: (1) it has suffered an irreparable injury; (2) remedies available at law such as monetary damages are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and the defendants, a remedy in equity is warranted; and (4) the public interest would not be disserved

by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Regarding the first two elements, that is irreparable injury and lack of adequate remedy at law,

the court must again look to the well pled allegations in the complaint which defendants are

deemed to have admitted as a result of their default. Plaintiff has specifically alleged that

defendants' unauthorized use of the ECONO LODGE family of marks resulted in irreparable

injury to plaintiff and to the goodwill associated with the ECONO LODGE family of marks.

(Dkt. 1, ¶¶ 73, 81, 86 and 91). Plaintiff has also alleged that it has no adequate remedy at law. *Id.*

As noted in Justice Roberts' concurring opinion in *eBay*, the right to exclude others from using

one's protected intellectual property is not compensable through money damages and constitutes

irreparable harm, thus establishing the first two factors of the traditional four factor test. *See,*

*eBay*, 547 U.S. at 394- 95. (Roberts, C.J., concurring).

The third element, i.e., the balancing of hardships clearly tips in plaintiff's favor. The

absence of a permanent injunction would leave plaintiff having its marks used in commerce by

an entity over which it has no control. This clearly would impact the valuable goodwill

associated with the ECONO LODGE family of marks. Defendants, on the other hand, are simply

being ordered to obey the law by a permanent injunction. Finally, a permanent injunction would

clearly serve the public interest by preventing potential consumer confusion in the marketplace.

*See, e.g., BellSouth Adver. and Publ'g Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785

(M.D. Fla. 1991).

Accordingly, plaintiff is entitled to the following injunctive relief: (1) an order

permanently enjoining defendants from using any of the marks in the ECONO LODGE family of

marks; (2) an order requiring defendants to immediately remove all signage and other

paraphernalia bearing the ECONO LODGE family of marks; (3) an order requiring defendants to deliver to plaintiff any item bearing any of the ECONO LODGE marks; and (4) an order requiring defendants to file a sworn statement of compliance as provided in 15 U.S.C. § 1116(a). Plaintiff has set forth the terms of its requested permanent injunction in the proposed judgment and permanent injunction attached as Exhibit A to its brief in support of its motion (Dkt. 29). The undersigned recommends that the judgment be entered as submitted.

**Trademark Infringement Damages**

The Lanham Act entitles a successful plaintiff in an infringement action to recover: (1) the profits of the infringer; (2) the damages suffered by the plaintiff; and (3) the costs of the action. 15 U.S.C. § 1117. Because it does not know the duration of the infringement, Plaintiff states that at the present time it cannot know what the profits of the infringer were, nor what damages it may have suffered. Accordingly, plaintiff has requested that the court reserve its consideration of the issue of damages until such time as defendants provide (or fail to provide) their compliance statement pursuant to 15 U.S.C. § 1116(a), which should identify the date of the cessation of use of the ECONO LODGE family of marks at the subject property. Further, plaintiffs request leave to revisit the damages issue, including any request for enhanced damages and/or attorney's fees, until after the compliance statement has been submitted. Therefore, the undersigned recommends that plaintiff is entitled to the entry of default judgment against defendants as to liability for each of the claims asserted in the complaint. The undersigned further recommends that plaintiff is entitled to the injunctive relief requested in the complaint. Finally, the undersigned recommends that the court reserve consideration of the issue of damages pending defendants' submission of their 15 U.S.C. § 1116(a) compliance statement. As

noted above, a proposed judgment and permanent injunction granting plaintiffs requested relief

is attached as Exhibit A to its brief in support of Plaintiff's Ex Parte Motion for Entry of Default

Judgment Against Defendants (Dkt. 29).


Respectfully submitted,

Date:  June 13, 2012                              /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).